FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 15 2006

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORMAN CORDELL, an individual,<br><br>Plaintiff,<br><br>GREATER COLUMBIA REGIONAL SUPPORT NETWORK (aka GREATER COLUMBIA BEHAVIORAL HEALTH), et al.,<br><br>Defendants | No. CV-05-5119-AAM<br><br>ORDER DISMISSING PLAINTIFF'S §1985 AND §1986 CLAIMS |

BEFORE THE COURT are Defendants Brown, Lane, Mattoon, Frey, Struck, Thayer, Finch, Partch, Wigen, Price, and Fleming's ["Eleven Defendants"] Motion for Partial Dismissal Pursuant to FRCP 12(b)(6) (Ct. Rec. 15) and Defendants GCHB, Lippman, Hill, Weaver, Hopper, Saffer, Burton, Klaveano, Ledgerwood, Carey, Loney, Tompkins, Berney, Gamache, Leita, Palacios, and Tully's ["GCBH Defendants"] Motion for Partial Summary Judgment Dismissal (Ct. Rec. 18). Also before the Court are the GCBH Defendants' Motion to Strike (Ct. Rec. 25) and Plaintiff's Motion to Extend Time to File Responsive Memorandum (Ct. Rec. 27).

On August 10, 2006, the Court heard oral argument. Michael McFarland and Suzanne Kelly Michael appeared on behalf of the defendants. Janet Taylor appeared on behalf of the Plaintiff.

I. **Background**

This action was filed by Plaintiff, Norman Cordell, as a result of his placement on administrative leave and termination as the acting executive director at Greater Columbia Behavior Health ["GCBH"]. GCBH is an agency formed under the Interlocal Cooperation Act, RCW 39.32, and the Community Mental Health Services

Order - 1

Act, RCW 71.24, to operate a Regional Support Network ["RSN"] comprised of eleven State of Washington counties. GCBH is governed by an eleven-member Board of Directors, responsible for the administration of the GCBH. The Board is comprised of commissioners appointed by the member counties.

In March 2005, Cordell was hired to serve as the Executive Director of GCBH. Cordell avers that while serving as director he raised a number of concerns with various commissioners, including concerns about "a real or potential conflict of interest in the make up of the Board of Directors, the RSN's preparedness to provide services to the public, and the appropriateness or inappropriateness of fiscal acts and stewardship of public funds." Complaint, Ct. Rec. 1 at 6. The conflict of interest Cordell spoke of concerned the practice of having service providers serve as members of the Board of Directors. *Id.*

On June 14, 2005, Mr. Cordell was placed on administrative leave and was offered the opportunity to resign in lieu of termination, which he declined. Cordell avers in the Complaint that he asserted complaints of retaliation for engaging in protected speech. Cordell claims he raised the aforementioned concerns again at a public meeting in June 2005 and requested an investigation into his claimed retaliation. On June 21, 2005, the Board of Directors voted to terminate Cordell. The Board replaced Cordell with Glenn Lippman as the interim executive director.

On December 21, 2005, Cordell filed this lawsuit against the GCBH, individuals who comprised the Board of Directors, and Glenn Lippman. Cordell alleges he was wrongfully discharged in retaliation for exercising his First Amendment rights to free speech in violation of 42 U.S.C. § 1983. He also contends defendants conspired to deny him his civil rights in violation of 42 U.S.C. § 1985 and violated 42 U.S.C. § 1986 by failing to prevent such conspiracies. Cordell also asserts state law claims for negligent infliction of emotional distress, negligent hiring and retention, unlawful retaliation, and termination in violation of public policy.

Defendants have filed separate dispositive motions both seeking dismissal of Cordell's § 1985 and § 1986 claims on the ground that Cordell has not alleged and

can not demonstrate membership in a class of persons against which the defendants directed class-based animus.

## II. Defendants' Motion to Strike and Plaintiff's Motion to Extend Time

Plaintiff's responses to the two defense motions were due on July 17, 2006. A single response was filed on July 19, 2006, which plaintiff intended as responsive to both motions. On July 27, 2006, after defendants requested the Court strike the response as untimely, Plaintiff filed a motion for extension of time requesting the Court excuse the untimely filing and consider the pleading. Plaintiff's counsel states she was in Idaho at the time Plaintiff's response was due and did not have internet access.

Though the failure to file a timely response does not appear excusable in this instance, the two-day delay in filing has caused the defendants no prejudice. Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Extension of Time and construes Plaintiff's filing as his opposition brief to both motions.[1] Accordingly, the Court **DENIES** the GCBH's Motion to Strike.

## III. Legal Standards

The GCBH Defendants have filed a Motion for Summary Judgment, while the Eleven Defendants have filed a Motion to Dismiss pursuant to rule 12(b)(6). The Court is aware that the standards for dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) are different from the standards for summary judgment pursuant to Fed.R.Civ.P. 56. Unlike a summary judgment motion, which is decided on the basis of a factual record, Fed.R.Civ.P. 56(c), a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) requires the court to review only the pleadings to determine whether the pleadings state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b). Though brought pursuant to different civil rules, the

---

[1] The Court notes the Plaintiff's response fails to comply with Local Rule 56.1(b) which requires any party opposing a motion for summary judgment to file a statement of specific facts which it asserts establishes a genuine issue of material fact precluding summary judgment. During oral argument, Plaintiff's counsel stated that for the purpose of this motion, the facts as set forth by the GCBH Defendants are not opposed.

Order - 3

motions take up identical issues and request dismissal based upon identical legal grounds. Because the GCBH Defendants have submitted materials outside the pleadings in support of their motion, they properly styled their motion as a motion for summary judgment under rule 56. Plaintiff's response did not refer to these documents or any other documents outside of the pleadings. Defendants' submissions provide mostly background and are not essential for the Court to consider in making its ruling. Accordingly, because resolution of these motions does not require the Court's reference to any document outside the pleadings, both motions may be analyzed under the standard for motions to dismiss under FRCP 12(b)(6). In essence, the Court shall merge defendants' motions to dismiss and for summary judgment and shall analyze them singly. The Court sees no prejudice in doing so.

    A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). On a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. *Hosp. Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976). Furthermore, the court must construe the pleading in the light most favorable to the Plaintiff, and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

///

## IV. Discussion

### A. 42 U.S.C. § 1985

Plaintiff's complaint alleges the defendants, "through their actions and omissions, violated 42 U.S.C. [§] 1985, by conspiring to deny Mr. Cordell his civil rights." Complaint at 9. To establish a claim for a violation of 42 U.S.C. § 1985(3), "a plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corporation*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citing United *Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828-29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)).

To establish the second element of a § 1985(3) claim, a plaintiff must allege and prove that the deprivation of the right in question was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Griffith v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)); *see also McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1992) (" 'the plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights.' ") (quoting *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir. 1987)). The Ninth Circuit has held that "§ 1985(3) extends 'beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights.'" *Orin v. Barclay*, 272 F.3d 1207, 1217 n. 4 (9th Cir. 2001) (quoting *Sever*, 978 F.2d at 1536)).

The only otherwise defined federal rights to which Cordell's Complaint alludes are the First Amendment rights of freedom of speech. The Court construes Plaintiff's allegation as a 42 U.S.C. § 1985(3) action against all defendants for conspiring to deprive him of his First Amendment right to free speech. The Plaintiff does not cite

Order - 5

to any case which has held that a person who asserts violations of fundamental rights is in a class protected by § 1985(3). Nor does this Court find coverage under § 1985(3) should extend to such persons. Class status under § 1985(3) must be independent of the allegedly unconstitutional actions. Plaintiff's § 1985 case cannot be predicated upon the alleged violation of First Amendment rights, because such a class would "necessarily include all citizens of the United States and therefore vitiate the class requirement of § 1985(3) as construed by the Supreme Court." *Prochaska v. Fediaczko*, 473 F.Supp. 704, 709 (W.D.Penn. 1979).

In his written response and in oral argument, Plaintiff alleges he is a member of a protected class because he is a person who "spoke out, for instance, on behalf of disabled and mentally ill persons." The Ninth Circuit has not decided whether § 1985(3) protects mentally disabled individuals, however even if it had, Plaintiff does not claim he is disabled. Moreover, the Court is not aware of any federal statute which grants independent special protection to those who speak on behalf of the disabled.[2]

Plaintiff alleges his protected speech involved an attempt to publicly expose wrongdoing in the GCBH administration. Plaintiff's claim would purport to state a cause of action by his being a member of a class of "whistleblowers." The Supreme

---

[2] The authorities cited to the Court by the Plaintiff during oral argument do not support plaintiff's membership in a protected class. Plaintiff specifically referred the Court to *Maynard v. City of San Jose*, 37 F.3d 1396, 1405 (9th Cir.1994); *RK Ventures v. City of Seattle*, 307 F.3d 1045 (9th Cir. 2002); and *Coons v. Sec'y of U.S. Dept. of Treasury*, 383 F.3d 879, 886 (9th Cir.2004). *Coons* was cited to the Court merely because it explains that mental illness is an impairment covered by the Americans with Disabilities Act (ADA). *Maynard* held that a white employee had standing under § 1985 to assert that he was unlawfully retaliated against for assisting a black person after the Court deemed that Title VII had expressly granted special protection to whites who were denied association with members of other groups because of an employer's discriminatory employment practices. Though the ADA provides special protection for the disabled, Plaintiff has not cited to the Court, nor is the Court aware of any portion of the ADA or any other statute, which provides special protection for those who speak on behalf of the disabled.

Order - 6

Court has left undefined the exact limits of § 1985(3) and to whom its protections apply, but has insisted that it not be interpreted to create a general federal tort law. *See Griffin v. Breckenridge*, 403 U.S. 88, 101-02, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). To the Court's knowledge, no circuit court has ever held that whistleblowers are a protected class under § 1985(3), and some have expressly declined to do so. *See, e.g., Garrie v. James L. Gray, Inc.*, 912 F.2d 808, 813 (5th Cir.1990) (declining to extend § 1985(3) protection to whistleblowers), cert. denied, 499 U.S. 907, 111 S.Ct. 1108, 113 L.Ed.2d 218 (1991); *Buschi v. Kirven*, 775 F.2d 1240, 1258 (4th Cir.1985) (same); *Hicks v. Resolution Trust Corp.*, 970 F.2d 378 (7th Cir. 1992)(same); *Deretich v. Office of Administrative Hearings*, 798 F.2d 1147, 1153 (8th Cir. 1986)(same); *Childree v. UAP/GA CHEM, Inc.*, 92 F.3d 1140 (11th Cir. 1996)(same). The Court is aware of only one district court which has interpreted § 1985(3) to extend to whistleblowers. *See Lapin v. Taylor*, 475 F.Supp. 446, 450-51 (D.Haw.1979) (agreeing that federal statute rendered "federal employees who are whistleblowers" a protected class, but finding that plaintiff had not alleged that the conduct at issue was "motivated by an invidiously discriminatory animus against him as a federal employee whistle blower.").

The Court declines to apply § 1985(3) to protect whistleblowers as a class. Two types of classes come within § 1985(3)'s protection: (1) classes having common characteristics of an inherent nature-i.e., those kinds of classes offered special protection under the equal protection clause, and (2) classes that Congress was trying to protect when it enacted the statute, otherwise known as the Ku Klux Klan Act. *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 347 (5th Cir.) (en banc), cert. denied, 454 U.S. 1110, 102 S.Ct. 687, 70 L.Ed.2d 651 (1981). Whistleblowers simply do not fall under either type of class. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269, 113 S.Ct. 753, 759, 122 L.Ed.2d 34 (1993)(holding that whatever the precise meaning of "class" may be, it "unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3)

defendant disfavors."); *Bushi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir.1985) (to meet the requirement of a class-based discriminatory animus, "the class must possess the discrete, insular and immutable characteristics comparable to those characterizing classes such as race, national origin and sex.").

Even if Cordell alleged membership in a protected class, he has nevertheless failed to make even the barest of allegations that the defendants' actions which form the basis for this case are the offspring of a "class-based invidiously discriminatory animus." No part of the record suggests or alleges he was treated in a discriminatory fashion. This case is more properly characterized as one involving a private employment dispute rather than discrimination against a protected class. Section 1985(3) does not provide a general avenue of relief for an employee with grievances against his employer.

The mere allegation of conspiracy without factual specificity is insufficient to withstand a motion to dismiss. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 n. 6 (9th Cir. 2001) (holding that plaintiffs must allege facts which are "specific and concrete enough to enable the defendants to prepare a response, and where appropriate, a motion for summary judgment based on qualified immunity."). Plaintiff has failed to allege sufficient facts to support a claim for which relief can be granted under 42 U.S.C.1985(3).

**B. 42 U.S.C. § 1986**

Section 1986 provides in pertinent part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured .... for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

A claim exists under section 1986 "only if the complaint contains a valid claim under § 1985." *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990), cert. denied, 504 U.S. 957, 112 S.Ct. 2306 (1992). Since Plaintiff has failed to state a cause of action upon which relief may be granted as to the § 1985 claim, the defendants' motions are granted as to the § 1986 claim.

**C. Leave to Amend**

Where claims are dismissed for failure to state a claim on which relief can be granted, permission to file an amended complaint is normally granted, *see generally* Fed.R.Civ.P. 15(a) ("leave [to amend] shall be freely given when justice so requires"), unless an amendment would be futile. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996). "[F]utility includes the inevitability of a claim's defeat on summary judgment." *Johnson v. American Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987). In reviewing Plaintiff's §1985 and § 1986 claims for futility, the Court notes that Plaintiff apparently concedes there are no additional material facts for the Court to consider as Plaintiff elected not to file a statement of facts in response to the GCBH Defendants' Motion for Summary Judgment. In addition, for the reasons set forth above, it would be futile to allow the Plaintiff the opportunity to amend the complaint to plead that Plaintiff became a member of a protected class by speaking out on behalf of the mentally disabled. Plaintiff has not proffered any additional facts or a proposed amendment which would cure the deficiencies addressed in this order. Accordingly, plaintiff's claims are properly dismissed with prejudice.

**V.   Conclusion**

To state a claim under 42 U.S.C.1985(3), a claimant must allege that a conspiracy was predicated upon class-based, invidiously discriminatory animus. Cordell's complaint does not contain any such allegation. Cordell has failed to allege membership in any protected class, or that the alleged conspiracy was motivated by some class-based animus. As such, his claims under § 1985(3) and

1986 must fail. Accordingly, for the reasons set forth above, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Extension of Time to File Responsive Memorandum (Ct. Rec. 27) is **GRANTED**.

2. GCBH Defendants' Motion to Strike (Ct. Rec. 25) is **DENIED**.

3. GCBH Defendants' Motion for Partial Summary Judgment (Ct. Rec. 18) is **GRANTED**;

4. Eleven Defendants' Motion for Partial Dismissal (Ct. Rec. 15) is **GRANTED**.

5. Plaintiff's § 1985(3) and § 1986 claims are **DISMISSED with prejudice**.

**IT IS SO ORDERED.** The District Executive is directed to enter this order and furnish copies to counsel.

**DATED** this 15 day of August, 2006.

_____
ALAN A. McDONALD
SENIOR UNITED STATES DISTRICT JUDGE

Order - 10