UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORMAN CORDELL, an individual ) | No. CV-05-5119-AAM |
| Plaintiff, ) | |
| ) | **ORDER DENYING** |
| ) | **MOTION FOR RECONSIDERATION** |
| vs. ) | |
| GREATER COLUMBIA REGIONAL SUPPORT NETWORK (aka GREATER COLUMBIA BEHAVIORAL HEALTH), et al., ) | |
| Defendants. ) | |

On December 22, 2006, this court entered an order (Ct. Rec. 54) granting Plaintiffs' motion to expedite hearing of his "Motion To Extend Time To Respond To Defendants' Motion For Summary Judgment." This court set December 27 as the deadline for Defendants to serve and file responses to the motion to extend time, and December 29 as the deadline for Plaintiff's reply, with hearing without oral argument set for January 2, 2007.

The Defendants have filed a "Motion For Reconsideration" (Ct. Rec. 58), asking the court to reconsider its order granting Plaintiff's motion to expedite, or alternatively, to clarify that Plaintiff's response to Defendants' motion for summary judgment remains due on December 26.

**ORDER DENYING**
**MOTION FOR RECONSIDERATION- 1**

The court will not reconsider its order granting Plaintiff's motion to expedite. Plaintiff filed his motion to extend time before his summary judgment response was due and before the summary judgment hearing, currently scheduled for January 12, 2007. Under the usual briefing deadlines provided by the court's local rules (LR 7.1), Plaintiff's Fed. R. Civ. P. 56(f) motion would not be heard until after January 12. Plaintiff and Defendants need to know as soon as possible if Plaintiff is going to get an extension and if so, how long it will be.

Plaintiff's Rule 56(f) motion is important and deserves some measured consideration by the court after hearing from Defendants and again from Plaintiff on that issue. Defendants have already filed their responses to the Rule 56(f) motion, asserting it is wholly without merit. If it is wholly without merit, Plaintiff's motion will be denied. If the motion is denied, that does not automatically mean Plaintiff will receive an extension of time for filing his response to Defendants' motion for summary judgment. In other words, Plaintiff takes the risk that the court will not permit any extension and that his failure to timely file a response to the summary judgment motion will amount to consent to an order granting the summary judgment motion. LR 7.1(h)(5). This, of course, is in addition to the possibility of sanctions under either Fed. R. Civ. P. 56(g) or Fed. R. Civ. P. 11.[1]

//
//

---

[1] If the Rule 56(f) motion is denied, it is unlikely the court would still allow Plaintiff a continuance equal to the number of days which have passed from the filing of the Motion To Extend Time to the date of resolution of the same. At best, the court would allow Plaintiff the number of days he had remaining to file his response to the summary judgment motion at the time he filed his Motion To Extend Time. In making its determination, the court would consider how any extension might impact the time for Defendants to file summary judgment replies in light of the current January 12 hearing date. Sanctions under either Rule 56(g) or Rule 11 would also remain a possibility.

**ORDER DENYING**
**MOTION FOR RECONSIDERATION- 2**

1  Defendants' "Motion For Reconsideration" (Ct. Rec. 58) is **DENIED**.

2  **IT IS SO ORDERED**. The District Executive is directed to enter this order
3  and forward copies to counsel.

4  **DATED** this __28th__ of December, 2006.

5

6              s/ Alan A. McDonald
              ALAN A. McDONALD
7           Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING
MOTION FOR RECONSIDERATION- 3**